**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

STACY J. WHITE,

                        Plaintiff,

v.                                   CIVIL ACTION NO.  2:12-cv-01771

DIAMOND WARRANTY
CORPORATION, et al.,

                        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the Defendants' Motion to Dismiss Plaintiff's Complaint, or in the Alternative, to Transfer Venue to the Middle District of Pennsylvania [Docket 8] ("Motion to Dismiss"). Because I find that the plaintiff has not met her burden of establishing that venue is proper in this district, I **GRANT** the Motion to Dismiss.

**I.**      **Background**

Stacy J. White, a West Virginia resident, filed the instant action in this court based on diversity jurisdiction, claiming unlawful sex discrimination and retaliation under the common law of the State of West Virginia, violations of the Equal Pay Act, 29 U.S.C. § 206(d)(1), and violations of the West Virginia Wage Payment and Collection Act, W. VA. CODE § 21-5-1 *et seq*. Diamond Warranty Corporation is a Pennsylvania corporation with its principal place of business in Pittston, Pennsylvania. Defendant Samuel R. McArthur is the Chief Executive Officer of

Diamond Warranty and a Pennsylvania resident. Defendant James Limongelli is the President of Diamond Warranty and a Pennsylvania resident.

Diamond Warranty hired the plaintiff on or about March 28, 2010 as a Dealer Development Manager. The plaintiff's responsibilities included training and supervising sales representatives, known as "Dealer Consultants," by traveling to the Dealer Consultants' territories and making sales calls with the Dealer Consultants on automobile dealerships. On or about November 30, 2011, the plaintiff's employment with Diamond Warranty was terminated.

The remaining facts are largely disputed. Relevant to the issue of venue is the plaintiff's allegation that she worked from her home in Charleston, West Virginia and managed accounts for Diamond Warranty in West Virginia. [Compl. at 3.] The plaintiff provides e-mails sent to and from Diamond Warranty employees, which indicates that she was the Regional Manager responsible for Diamond Warranty's West Virginia territory. [Docket 11, at 3-4; *see also* Dockets 11-1, 11-2, 11-3.] On the other hand, the defendants claim, and provide affidavits to the effect, that Diamond Warranty never assigned the plaintiff any duties in West Virginia, and that any work she may have undertaken on behalf of Diamond Warranty in West Virginia was without the defendants' knowledge or authorization. [Docket 8-1, at 2.]

On May 31, 2012, the plaintiff filed the instant action in this court. On July, 25, 2012, the defendants filed the instant Motion to Dismiss.

## II.     Improper Venue

Federal Rule of Civil Procedure 12(b)(3) provides for dismissal of cases for improper venue. A diversity action properly may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). When a defendant objects to venue under Rule 12(b)(3), the plaintiff bears the burden of establishing that venue is proper. *See Bartholomew v. Va. Chiropractors Ass'n, Inc.*, 612 F.2d 812, 816 (4th Cir. 1979), *abrogated on other grounds*, *Union Labor Life Ins. Co. v. Pireno*, 458 U.S. 119 (1982); *Duke Energy Indus. Sales, LLC v. Massey Coal Sales Co., Inc.*, No. 5:11-cv-00092, 2011 WL 4744907, at *1 (S.D. W. Va. Oct. 7, 2011). Generally, the court must have proper venue for each separate claim in a complaint. *See Smithfield Packing Co., Inc. v. V. Suarez & Co.*, No. 2:11cv294, 2012 WL 879251, at *2 (E.D. Va. Mar. 14, 2012). Under subsection (b)(1), venue would be improper in the Southern District of West Virginia, as defendants McArthur and Limongelli are residents of Pennsylvania and not West Virginia. Venue would be proper in the Middle District of Pennsylvania, as all defendants are residents of Pennsylvania and at least one defendant, Diamond Warranty, resides in the Middle District. Therefore, subsection (b)(3) is inapplicable, and the only subsection at issue is (b)(2)—whether a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of West Virginia. "In determining whether the events or omissions are sufficiently substantial to support venue under the amended statute, a court should not focus only on those matters that are in dispute or that directly led to the filing of the action." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004). Rather, courts are instructed to look at "the entire sequence of events underlying the claim." *Id.*

3

Many of the plaintiff's factual allegations underlying her sex discrimination claim do not provide a basis for venue in the Southern District of West Virginia. For example, several of her allegations involved acts taken and statements made during trips to, and conventions in, Texas. [Compl. at 5-6.] Other allegations involve acts taken and statements made by the defendants McArthur and Limongelli at "sales meetings," which the plaintiff did not allege occurred in West Virginia. [*See id.*] Finally, the plaintiff's remaining allegations involving other various acts taken and statements made by the defendants McArthur and Limongelli did not allege that they occurred in West Virginia. [*See id.*]

The plaintiff claims that venue is proper under § 1391(b)(2) because she was "assigned responsibility for Diamond's business, and made sales calls on behalf of Diamond, in West Virginia and this judicial district." [Docket 11, at 2.] She also asserts that she "worked from her home in Charleston, West Virginia and managed approximately twenty (20) accounts for Diamond in West Virginia." [*Id.* at 3.] The plaintiff provides e-mails purportedly relating to her work in West Virginia. Moreover, she argues that the defendants' unlawful conduct in connection with her Equal Pay Act and West Virginia Wage Payment and Collection Law claims occurred in the Southern District of West Virginia. [*Id.* at 2.]

The defendants argue, and provide affidavits to the effect, that the defendants never assigned the plaintiff any duties in West Virginia, and that the plaintiff was actually barred from working in West Virginia for "for the majority of her employment with Diamond Warranty pursuant to a non-compete agreement with her previous employer." [*See* Docket 8-1 and Docket 9, at 7.] The defendants further assert that "[a]ny work that Plaintiff may have undertaken on

4

behalf of Diamond Warranty [in West Virginia] was without the Defendants' knowledge or their authorization." [Docket 9, at 7.]

I find that the plaintiff has failed to meet her burden of establishing that venue is proper in the Southern District of West Virginia. The plaintiff has failed to allege that she was either hired or terminated in West Virginia. More importantly, the plaintiff has failed to allege that any of the acts taken or statements made by the defendants that created a hostile work environment— and therefore the events giving rise to her sex discrimination claim—occurred in West Virginia. Therefore, the plaintiff has not met her burden of showing that "substantial part of the alleged acts or omissions giving rise to the complaint" took place within the Southern District of West Virginia.

When a court finds that venue is improper, the court shall dismiss the case or, if it is in the interests of justice, transfer the case to a district where venue was proper in the first instance. 28 U.S.C. § 1406(a). Having determined that venue is improper in the Southern District of West Virginia, I have the discretion to either dismiss or transfer the case. The defendants argue that, should I decline to dismiss the case, venue would be proper in the Middle District of Pennsylvania. I note that there is no statute of limitations issue and that, in the interests of justice, the best course of action is to dismiss the case and allow the plaintiff to re-file her action in the district of her choice, provided that it has proper venue over the action. Therefore, I decline to transfer the case to the Middle District of Pennsylvania.

III.    **Conclusion**

Because I find that the plaintiff has not met her burden of establishing that venue is proper in this district, I **GRANT** the defendants' Motion to Dismiss [Docket 8].  The court

**ORDERS** that this case be **DISMISSED** and **STRICKEN** from the docket. The court

**DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented

party.

ENTER:      August 30, 2012

Joseph R. Goodwin, Chief Judge